Neenan v. Donoghue.

———————◆———————

John Neenan, Appellant, *v.* James O. Donoghue, Respondent.

1. *Contracts — Macadamizing — Acceptance of work by board, etc.* — A contract for macadamizing a street provided, among other things, that payment should be made when the work was accepted by the board of public works. *Held,* that the contractor might recover, although a majority of the board neglected or refused to examine or accept the work.

*Appeal from Buchanan Court of Common Pleas.*

This was a suit commenced in the Circuit Court of Buchanan county to recover a bill for macadamizing and other improvements done by plaintiff in front of and adjoining property owned by defendant. The work was done by virtue of an alleged contract with the city of St. Joseph, made in pursuance of the charter and ordinances. The petition set forth the charter of the city and ordinances directing the work to be done, and the contract, which contains this clause: "Said work to be paid for when the same is accepted by the board of public works of the city of St. Joseph."

*Woodson, Vineyard & Young* and *Grubb*, for appellant.

Under the charter the officer in charge of the work is the proper party to receive the work and certify to the completion and cost of the same, and the amount chargeable to each lot. And when this is done and the certificate delivered to the contractor, his right to recover is fixed by the charter, and any ordinance or contract in conflict with this section is unauthorized on the part of the city. (See Laws of the City of St. Joseph, Feb. 1865, p. 47, § 5.) Where the proof shows, as in this case, that the work was fully performed according to contract, the mere neglect on the part of two of the board to perform their duty ought not to affect the rights of the plaintiff.

*H. K. White*, for defendant.

I. The judgment is for the right party. The petition did not state facts sufficient to constitute a cause of action. It alleged, in order to show the legality of plaintiff's contract, that "the award for said work was by said city, in accordance with its ordinances then in force, let through its proper authorities to plaintiff." This states a conclusion of law, not a fact. No ordinances are set forth or referred to which show the manner of letting contracts, nor does the petition declare or the charter show who are the proper authorities. The ordinance set forth gives the engineer power to advertise for proposals for doing the work. The engineer assumes to act as agent for the city in making the contract, but it was awarded by other "proper authorities." The petition

is further defective in not showing any authority given to the engineer to enter into the contract in behalf of the city.

II. The acceptance of the work by the board of public works, although not a condition required by the charter, was one required by the city, and voluntarily assumed by plaintiff. Not being contrary to statute or against public policy, it became a law between the parties, and essential to plaintiff's right to recover. (Veazie v. Bangor, 53 Me. 50; United States v. Robeson, 9 Pet. 319-327; Smith v. Briggs, 3 Denio, 73–76; Herron v. Davis, 3 Bosw. 336; McCarren v. McNulty, 7 Gray, 139–141; McMahon v. Erie R.R. Co., 20 N. Y. 463–6.) The judgment should be affirmed.

WAGNER, Judge, delivered the opinion of the court.

The instruction asked by the plaintiff should have been given, and those presenting an opposite view by the defendant should have been refused. The contract entered into by the plaintiff to do the work on the street, for which the defendant's lot was chargeable, provided that payment should be made when the same was accepted by the board of public works. The board was composed of three men, one of whom examined the work and accepted it, and the others refused and neglected to make any examination, and had nothing to do with its acceptance. The non-action or default of some of the members surely cannot have the effect of depriving plaintiff of all compensation for his labor and materials. If he has performed his contract he is entitled to pay, and whether there has been a performance is a question of fact to be determined upon by the evidence. It is true if a party makes a contract he must abide by it before he can recover on it; and if an approval by an outside party is made a condition precedent, such an approval must be obtained in a suit upon the contract. But here the action is not founded upon the contract. The contract is merely used as an instrument of proof, and if the plaintiff shows that he has done the work under the agreement, he should be permitted to recover whatever he may show himself justly entitled to.

Judgment reversed and cause remanded. The other judges concur.