Dinsmore v. Livingston County.

———O———

LYMAN W. DINSMORE, Respondent, vs. LIVINGSTON COUNTY, Appellant.

1. *Contract—Work done for county under—Approval of by Commissioner—Allegation as to—Suit on* quantum valebat*—Opinion of Commissioner in case of.* —In suit against a county under a contract for public work, where by the terms of the agreement the work was to be done to the satisfaction of a commissioner, his approval must be alleged and proved, unless plaintiff claims that his rejection of the work arose from caprice or malice, and was without foundation; in which case such fact may be alleged and a recovery still had in equity. Were the action brought against the county merely on the *quantum valebat*, the opinion of the commissioner would have no more binding authority than that of any other witness.

2. *County bridge—Opening of with consent of county—Claim for damages against builder—Waiver of.*—The mere fact that a county bridge is thrown open to public travel with the consent of the County Court, does not constitute a waiver on the part of the county of a claim of damages against the builder for delay in finishing it.

3. *Parol agreement as to interest not binding, when.*—Proof of a parol understanding that the borrower of money should pay ten per cent. interest thereon, is incompetent. Such an agreement, in order to have binding force, should be in writing. (Wagn. Stat., 783, ₰ 2.)

16—VOL. LX.

| 60 | 241 |
|----|-----|
| 97 | 372 |

| 60 | 241 |
|----|-----|
| 40a | 222 |
| 40a | 240 |

| 60 | 241 |
|----|-----|
| 112 | 489 |

| 60 | 241 |
|----|-----|
| 114 | 549 |

| 60 | 241 |
|----|-----|
| 59a | 53 |

| 60 | 241 |
|----|-----|
| 69a | 237 |

| 60 | 241 |
|----|-----|
| 153 | 499 |

| 60 | 241 |
|----|-----|
| 87a | 476 |

*Appeal from Daviess Circuit Court.*

*Collier & Mansur*, for Appellant.

I. A fair construction of the statute (Wagn. Stat., 783, § 2), does not require that the payor any more than the payee (who in notes never does) shall sign the writing.

II. Respondent, in open County Court, contracted with appellant to pay ten per cent. The contract was entered of record, and was necessarily in writing.

*M. A. Low*, for Respondent.

I. It required a promise in writing to make plaintiff liable to pay ten per cent. interest.

II. The instructions, declaring that the bridge must have been completed to the entire satisfaction of the road commissioner, were properly refused. As the county concluded to accept and complete the bridge, it did not matter whether the bridge commissioner was satisfied or not.

NAPTON, Judge, delivered the opinion of the court.

This was an action to recover a balance alleged to be due from Livingston county, on a contract for building a bridge across Grand River, at a point called Jimtown.

The petition averred a compliance with all the conditions of the contract.

The answer denied this and set up as a counter-claim, or alleged breaches of the contract sued on; first, that the bridge had not been completed according to the contract, and the specification therein, and that the county had to expend $1,724.06 to complete the bridge; second, that the county advanced to the plaintiff $1,000 as part payment, for which said plaintiff agreed to pay 10 per cent. interest until the completion of the bridge, and that the plaintiff has not finished the bridge, nor has it been accepted by the county, and there is due from plaintiff the sum of $650 as interest; third, that an additional $1,000 was advanced, for which interest is claimed as due, amounting to $640; fourth, that the plaintiff

by the contract agreed to build a breakwater of stone, at the center pier of the bridge, but failed to do so, by which defendant was damaged $2,000 ; fifth, that plaintiff agreed to build the center pier of said bridge upon the bed rock of the river, if the same could be found, if not found, then to drive piles if bottom could be found in which they could be driven deep enough to hold them, otherwise to build a crib or platform of timber laid crosswise on each other to make a foundation ; but plaintiff did not build said pier in either of said modes, but built on a foundation of cross timbers laid upon a sand bar ; that by reason thereof the bridge was unsafe, and it became necessary to rip-rap the pier, which rip-rapping cost the defendant $1,412.25, and the defendant claims damages for $5,000 ; sixth, that the plaintiff by contract was required to complete the bridge on or before the first day of March, 1867, which was afterwards extended by defendant's consent to January 1st, 1868, but the bridge was never completed, and the defendant was damaged thereby in the sum of $2,500.

There was a replication filed to all the new matters alleged in the answer; and a trial before a jury, and the plaintiff had a verdict for $1,345.

It is unnecessary in the view we have taken of the case, to recite the testimony on the trial, which was somewhat conflicting.

The instructions given to the jury were generally correct.

The main questions of law presented by the record depend upon the propriety of the second and fourth instructions given for the plaintiff, and the rejecting of the sixth asked by defendant, and upon the exclusion by the court of certain orders entered on record by the County Court of Livingston County, in regard to the payment of interest on an advance of $2,000 to plaintiff before the completion of the bridge.

The second instruction given was, " The court instructs the jury that the term, 'to the complete satisfaction of the commissioner,' used in the contract, means according to the contract and specifications in a thorough and substantial manner."

Where parties agree to abide by the decision or opinion of an architect, engineer or commissioner of any kind, in regard to the correspondence of the work done with the contract, in an action on such contract, the approval of the person selected by both parties to determine this, must be averred and proved. If the disapproval or rejection of the work arises from caprice or malice, and is really without foundation, such facts may be alleged and a recovery still be had in equity. (2 Sto. Eq., 1457a–1457b; Herrick vs. Belknap, 27 Verm., 673; Neenan vs. Donoghue, 50 Mo. 495; Estel vs. St. Louis & S. E. R. R. Co., 56 Mo., 282; Yeats vs. Ballentine, 56 Mo., 531; Lowe vs. Sinklear, 27 Mo., 309.)

In an action for the value of the work and materials, the opinion of the commissioner would be entitled to no more weight than that of other witnesses. (Yeats vs. Ballentine, 56 Mo., 531.)

As this was an action on the contract, the second instruction was wrong, and if the contract, in fact, required the work on this bridge to be done to the satisfaction of the commissioner, the error of this instruction would require a reversal of the judgment; but after a very careful examination of the contract and specifications, as found in the record, I have been unable to find any such requisition in either. It seems strange that the counsel on both sides and the court should have agreed that these terms were in the contract; but, as copied in the record, the words " to the satisfaction of the commissioner " are found only in one of the specifications in regard to another bridge with which this controversy has nothing to do. The instruction was therefore a harmless abstraction.

The fourth instruction given for the plaintiff is as follows: " The court instructs the jury, if they find from the evidence that the plaintiff Dinsmore completed said bridge according to the contract and specifications in a thorough and subtantial manner, on or about the 26th day of May, 1868, and the county of Livingston, by permitting the same to be used by the traveling public, and by exercising other control over said bridge, accepted the same, then the jury will find for the plaintiff."

The sixth instruction asked by the defendant, and refused by the court, was this : " It is admitted by the pleadings that the bridge was to be finished for public use on or before the first day of January, 1868, and if the jury believe from the evidence that the plaintiff did not complete said bridge at or before said date, they will find for defendant, upon its counter-claim, in that behalf, such damages as, from all the facts and circumstances in evidence, they may believe defendant has sustained by reason of the failure of the plaintiff to complete said bridge on or before said 1st day of January, 1868."

The fourth instruction, copied above, seems to assume that the reception of the bridge, indicated by allowing the public to pass over it, and by the court, through the commissioner or road overseer, proceeding to have certain work done on what was thought to be defective about the abutments and middle pier of the bridge, was a waiver of all damages resulting from the delay of the plaintiff for four months and upwards, in the completion of the bridge. It is not very apparent what damages this delay could have occasioned, except in the additional work, the cost of which the court allowed the county in other instructions ; but the sixth instruction should have been given because the facts authorized it, and it was unquestionably the law.

There was in fact no formal acceptance of the work. The plaintiff was notified to do certain work about the middle pier and the abutments, which he declined or failed to do ; and, thereupon, the County Court had the work done by others. The commissioner, it seems, was dissatisfied with the bridge. The mere fact that the public used the bridge by consent of the court, and of the plaintiff, could hardly be regarded as a waiver of a claim of damages occasioned by delay, if any such were sustained. The County Court, as agents for the county, would hardly be authorized to prohibit travel over a bridge, because they had a claim against the builder for his not completing the bridge within the time specified in his contract ; and opening the bridge to the public is no indication of an abandonment of any claims reserved for consideration in a final settlement with a contractor.

The rejection of certain records of the County Court, in which advances of $2,000 to the plaintiff are recited to have been made, with the understanding that the plaintiff would pay 10 per cent. interest on them till the contract was completed, was in our opinion right.

The second section of our statute concerning interest (Wagn. Stat., p. 783) provides that "parties may agree in writing for the payment of interest, not exceeding 10 per cent. per annum, on money due, or to become due, on any contract." These orders of the County Court did not bind the plaintiff. His reception of the money advanced could not create such an obligation. It must be in writing, and of course the party to be bound must indicate his obligation in writing; but there was no written obligation on the part of the plaintiff to pay this interest.

It is unnecessary to notice the affidavits filed with the motion for a new trial, on the ground of newly discovered evidence, as the case must be remanded.

Judgment reversed and the case remanded. The other judges concur, except Judge Sherwood, absent.