RUDE *et al.* v. MITCHELL *et al., Appellants.*

1. **Evidence:** CONTRACT. Where, in a suit for work done and materials furnished under a building contract, it appears that plaintiffs have substantially complied with its terms and that the deviations from the specifications were made in accordance with it, the contract price is *prima-facie* evidence of the value of the work agreed to be done and materials agreed to be furnished.

2. ———: QUANTUM MERUIT. Where a building contract provided that defendant's architects should figure and price all alterations, such price to be final, the fact that they did not do so does not constitute a defense to a recovery on *quantum meruit.*

Rude v. Mitchell.

3. **Mechanic's Lien**: STATEMENT. The statement required by the mechanic's lien law is a fairly itemized account, showing what the materials are, the work that was done, and the price charged. A lumping item of the whole contract price on the one hand and the credits on the other is no compliance with the law. The account should be complete on its face and a reference to the plans and specifications is worthless, and adds nothing to the statement.

4. ———: ———: ORIGINAL CONTRACTOR. The mechanic's lien law requires such particularity in a statement filed by an original contractor.

5. ———: GENERAL JUDGMENT: APPELLATE PRACTICE. Where the action of the circuit court in declaring a lien on appellants' property is erroneous, but plaintiffs are entitled to a money judgment, the judgment, in so far as erroneous, will be reversed, and in so far as correct, affirmed.

*Appeal from St. Louis City Circuit Court.*—HON. A. M. THAYER, Judge.

REVERSED.

*W. C. Marshall* for appellants.

(1) Where the contract is waived and the suit based upon a *quantum meruit*, the price specified in the contract is not evidence sufficient on which to base a recovery for the reasonable value, and a finding by the referee on the *quantum meruit* without any evidence as to the reasonableness of the charges, except as shown by the contract price, is erroneous. Especially when the answer denies that the contract was complied with, and when the referee finds that plaintiffs did not comply with their contract. *Mansur v. Botts*, 80 Mo. 651; *Crump v. Rebstock*, 20 Mo. App. 37; and *Suits v. Taylor*, 20 Mo. App. 166, have no application to this doctrine, because in every one of these cases there was evidence introduced of the reasonable value, before it developed that there was a special contract. Whereas

in this case there was no such evidence even attempted to be introduced. The cases cited in *Mansur v. Botts*, simply held that where the contract is executed, *indebitatus assumpsit* will lie to recover the contract price, and are no authority for the assertion that the contract is sufficient proof to base a recovery on under a *quantum meruit*. The items of the account in a mechanic's lien should be set out specifically, and it is not sufficient to lump them. The items must be stated separately so as to enable issue to be taken on each ; and this, too, whether the owner have knowledge as to the correctness of the account or not. *Foster v. Wulfing*, 20 Mo. App. 85 ; *Heinrich v. Carondelet Gym. Soc.*, 8 Mo. App. 588 ; *Coe v. Ritter*, 86 Mo. 277 ; *Burnaugh v. White*, 18 Mo. App. 229 ; *Graves v. Pierce*, 53 Mo. 423 ; *Nelson v. Withrow*, 14 Mo. App. 270 ; *Lowis v. Cutter*, 6 Mo. App. 54 ; *Codling v. Nast*, 8 Mo. App. 573. (3) And this is requisite whether the lien is claimed by a contractor or a sub-contractor. *Heinrich v. Carondelet Gym. Soc.*, 8 Mo. App. 588. (4) The neglect of the agent or architect of the owner to object, during the progress of the work, to the contractor's departures from the terms of the contract, does not prevent the owner from defending on the ground of such breaches, and of recouping the damages from the contract price. Phillips on Mech. Liens, sec. 424 ; *Stewart v. Fulton*, 31 Mo. 59 ; *Helm v. Wilson*, 4 Mo. 41 ; *Lee v. Ashbrook*, 14 Mo. 378. And payment of a part of the contract price during the progress of the work does not debar the defendant from setting up such defenses. *Feagan v. Meredith*, 4 Mo. 514. By the terms of the contract the price of all extras was to be fixed by the architect. The referee finds they were not so fixed, and hence there could be no recovery therefor under the contract, but allows a recovery under the *quantum meruit*, on his understanding of the decision in *Yeats v. Ballentine*, 56 Mo. 539, and *Neenan v. Donoghue*, 50 Mo. 495. But when he comes to deciding defendants'

counter-claims, he says we cannot recover or recoup the damages for omissions from the contract work because the architect ordered the omissions and did not fix the amount of such omissions. This was error. Phillips on Mech. Liens, sec. 424. (5) There can be no recovery in a mechanic's lien proceeding for anything not embraced in the claim filed for a mechanic's lien. Items not included in the mechanic's lien, or in the bill of items filed with the petition, cannot be included in the judgment. *Coe v. Ritter*, 86 Mo. 277, 286 ; *Kling v. Construction Co.*, 7 Mo. App. 410 ; *Lowis v. Cutter*, 6 Mo. App. 54 ; *Nelson v. Withrow*, 14 Mo. App. 270 ; *Codling v. Nast*, 8 Mo. App. 273.

*T. A. Post* for respondents.

(1) The referee's findings as to the value of material and services claimed by plaintiffs, were proper. The court very properly held that the estimates fixed by the parties—in the prices agreed on for the material and services—was *prima-facie* a proper measure of values. *Deardorff v. Everhartt*, 74 Mo. 37 ; *Marsh v. Richards*, 29 Mo. 99 ; *Rickey v. Zeppenfeldt*, 64 Mo. 277 ; *Yeats v. Ballentine*, 56 Mo. 539 ; *Neenan v. Donaghue*, 50 Mo. 495. And the fact that, in making their payments, defendants treated the prices set out in the contract as right and proper, is itself proof going to show that the prices were reasonable. "Where a special contract has been fully executed, and nothing remains to be done but to pay the stipulated sum of money due thereon, the common counts in *indebitatus assumpsit* will be to recover the same, and plaintiff may, under such counts, offer the special contract in evidence." *Mansur v. Botts*, 80 Mo. 655. (2) The items of the account objected to were sufficiently explicit to authorize a lien. This was a suit by the principal contractor, and the referee finds that defendants were fully aware of the terms of the contract.

(3) Even if the court should find, as plaintiffs strenuously insist it cannot find, that the items objected to were insufficient to sustain a lien, unquestionably they were sufficient to support a general judgment. *Patrick v. Abeles*, 27 Mo. 184 ; *Mulloy v. Lawrence*, 31 Mo. 583 ; *Williams v. Porter*, 51 Mo. 442. If the items were indefinite or insufficient, defendants should have raised the objection by motion or demurrer. Having failed to do so, they cannot afterward, on such grounds, object to a general judgment. (4) All issues of fact have been settled by the findings of the referee, confirmed by the action of the circuit court, and this court will not interfere with those findings. *Woodrow v. Younger*, 61 Mo. 395 ; *Smith v. Crews*, 2 Mo. App. 269 ; *Bank v. Tamblyn*, 7 Mo. App. 571 ; *Roemmick v. Wamsganz*, 8 Mo. App. 576 ; *Wiggins Ferry Co. v. Railroad*, 73 Mo. 389 ; *Frances Co. v. Rowland*, 14 Mo. App. 600 ; *Kennard v. Peck*, 19 Mo. App. 342 ; *McGinnis v. Mitchell*, 21 Mo. App. 493.

BLACK, J.—This is a suit by contractors to enforce a mechanic's lien. The case was tried before a referee, and to his report the defendants filed exceptions which were overruled, and the defendants appealed.

The defendants own a lot, 53 by 153 feet, upon which there were two four-story brick buildings, covering the entire property ; one is called the front, and the other the rear building. The floors were not on a level because of the difference in the grade at the front and rear of the lot. On the twenty-eighth of November, 1882, plaintiffs and defendants made a written contract by which the plaintiffs agreed to add two stories to the front and three to the rear building, to change the floors, and to otherwise reconstruct the old buildings according to plans and specifications prepared by the architects, and for all which defendants agreed to pay them the sum of $22,287 in installments as the work progressed. The contract contains a stipulation to the effect

that the architects, Barnett & Son, may make alterations in the plans and specifications, and that the difference of the cost and expense occasioned by the additions or omissions shall be reasonable and just and shall be figured and priced by the architects and their figures shall be final and binding.

After the date of the agreement and before the work was commenced, the parties made a supplemental contract to the effect that each of the three new stories of the rear building should be made into one room, and because of this change there should be deducted from the contract price $1,429.74, and that there should be added to it for increased thickness of walls and some other specified work $650.10. After the walls were up, floors laid, and one coat of plastering on, the plaintiffs agreed to subdivide these three large rooms according to the first plan for $1,267, using wood instead of brick for the partitions; thus making the entire contract price $22,774.36. The suit is in two counts, the first is based upon the contract and it is alleged therein that omissions and additions were made by orders of the architects, and that they fixed the prices for such deductions and for the extra work; the second is for the reasonable value of the entire work. The referee found that omissions were made, and that extra work had been done by the plaintiffs, all at the request of the architects; but that the architects did not fix the prices for these deductions and extra work, and for this reason the plaintiffs could not recover on the first cause of action. He found for the plaintiffs on the second count, and in making his estimate he took the contract price as a basis, and from that he deducted various amounts because the work was not up to the contract standard, and then added allowances for increased value of some of the work and for the reasonable value of work not included in the contract and specifications.

1. The first contention of defendants is that there

is no evidence upon which to support a finding for the reasonable value of the work ; that the contract itself is no evidence of the reasonable value of the work and materials, and especially so in view of the fact that plaintiffs did not comply with the contract. The referee does not find that plaintiffs made a breach of their contract ; on the contrary, he finds that they made a substantial compliance with its terms, and that the deviations that were made from the specifications were made by the directions of the architects, and were therefore made according to the contract. Even had the work not been done in accordance with the contract, still that would not defeat a recovery for the value of the work done; but in such cases the contractors must sustain the loss for such damages as result from the inferiority of the work. *Yeats v. Ballentine*, 56 Mo. 530. It was said in *Marsh v. Richards*, 29 Mo. 104 : "In such cases, the measure of damages would seem to be justly arrived at by the statement, that if the work, when done under the contract and in pursuance to its terms, is worth the price agreed upon, what is the work worth, done as it is, proportionally, to the price fixed by the contract?" It is thus seen that even where there has been a breach of the contract, the contract price becomes an element in estimating the measure of the recovery. Of course that would not be true, if both parties abandoned the contract. But in this case there was no breach of the contract, and the contract price is certainly *prima-facie* evidence of the value of the work and of the materials, agreed to be done and furnished. It is the estimate which the parties to this suit themselves put upon the work and materials.

The referee reports that there was no evidence before him of the value of the work and materials specified in the contract, save that furnished by the contract itself and the fact that defendants from time to time made payments apparently upon the contract, aggregating over twenty-one thousand dollars. With no other

evidence before him, he properly took the price thus fixed as the value of the work a nd material. Plaintiffs ought not to recover more than the contract price, however much the work might be worth, with reasonable deductions for all changes which reduced the cost of the materials and value of the work, and these deductions the referee made.

2. The fact that the architects did not fix the amount of the deductions and the prices to be paid for the additional and extra work does not constitute any defense to a recovery on *quantum meruit*. The agreement was that the difference of the cost by reason of the omissions and additions should be reasonable and just, and should be figured and fixed by the architects. If they failed to fix these prices, that fact constitutes no defense in an action for the value of the work. On such an issue the estimate of the architects would be of no more value than that of any other competent witness. *Neenan v. Donohue*, 50 Mo. 493; *Dinsmore v. Livingston County*, 60 Mo. 241 ; *Yeats v. Ballentine*, 56 Mo. 530.

3. The mechanics' lien, as filed with the clerk of the circuit court, begins with the following, to-wit:

1882, Dec. 1st. For alterations and
additions, to buildings Nos. 210
and 212 N. Third street, as per
plans and specifications.........$22,287 00
For extra work in reinstating building
to original plans as per agreement  1,267 00
For difference in alterations as per
agreement.....................  650 00

It then sets out specific items and concludes with items like these :

Amount J. A. Archibald's bill, extra
brick work...................:....  850 00
Scherps & Koken bill, extra iron work  66 33

The statute makes it the duty of the contractor to

file with the clerk of the circuit court within the designated time " a just and true account of the demand due him or them, after all just credits have been given, which is to be a lien upon such building," etc. It is settled law in this state that a statement showing only the balance due is not such an account as is contemplated by the statute. *Graves v. Pierce*, 53 Mo. 423 ; *McWilliams v. Allen*, 45 Mo. 573 ; *Coe v. Ritter*, 86 Mo. 287. All these cases proceed on the theory that there must be an account which answers to the ordinary signification of the term.

In *Hilliker v. Francisco*, 65 Mo. 599, the first item of the account was in these words: "To Junction City Stone furnished First National Bank as per contract, $7,790.00." The suit was one by the sub-contractor, and there was evidence to show that the bank had agreed with the contractor to the sum of seven thousand dollars as compensation to the plaintiffs for the material and labor mentioned in the item. Under these circumstances it was held that the item was sufficiently specific. The item there in dispute, it will be seen, related to the stone-work and labor of setting only, and the price is given. In the present case the first item is for $22,287, and there is nothing to show, on the face of the account, what is, or what is not, intended to be included. The *Hilliker* case furnishes no authority for upholding the account filed in this case, and that case goes to the verge of the law.

Many things are often included in these building contracts for which the law gives no lien ; and when it calls for a just and true account, it means a fairly itemized account showing what the materials are, and the work that was done, and the price charged, so that it can be seen from the face of the account that the law gives a lien therefor. A lumping item of the whole contract price on the one hand, and the credits on the other, is no compliance with the law at all. The account

should be complete on its face, and a reference to plans and specifications for the work done and materials furnished is a worthless reference and adds nothing to the statement.    These liens are creatures of the statute and the lienor must make and file an account which is a fair and substantial compliance with the law.    If he fails to do this he has no lien for the materials and work not thus specified.

It is argued that, as this is a case between the contractors and owners of the property, there is no need of the same particularity as in cases where a sub-contractor seeks to enforce a lien.    The answer is that the statute is the same in both cases, and it makes no such distinction.    These liens should not be defeated on mere technical grounds, but there is no hardship in requiring the lienor to verify and file an account which comes within the ordinary meaning of the term.    That has not been done in this case.

As to the various counter-claims set out in the answer, it is sufficient to say that the referee made such deductions from the contract price as he believed the evidence would warrant, and we see no reason to differ with his conclusion upon these issues.

The result is that the judgment is reversed in so far as it enforces a mechanic's lien, but as a money judgment only it is affirmed.    BARCLAY, J., not sitting; the other judges concur.