WILLIAM A. KINNERK, Appellant, v. PHILADEL-PHIA BALL CLUB, Respondent.

St. Louis Court of Appeals, February 25, 1902.

1. **Contract: ALLEGATIONS IN PETITION: PROOF: ARBITRARY POWER OF REFEREE WILL NOT DEFEAT ACTION.** Where in a suit on contract, like the one at bar, the plaintiff alleges a performance of the contract and that he has earned and is entitled to the wages agreed to be paid for his services, and to the certificate which the outside party was to furnish, but that the outside party for a wholly insufficient reason, or for no reason at all, refused to grant the certificate, he may recover the value of his services without the certificate being furnished by the outside party.

2. ———: ———: ———. And in the case at bar, the refusal of the manager of the defendant to give the certificate, if plaintiff assignor was entitled to it, does not deprive the assignor of the right to recover his earnings under the contract.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

REVERSED AND REMANDED.

*James M. Sutherland* and *John W. Drabelle* for appellant.

(1)  The court erred in holding that the petition did not state facts sufficient to constitute a cause of action against defendant.   Williams v. Railroad, 112 Mo. 463, and cases there cited; re-affirmed, 153 Mo. 487; Eldridge v. Fisher, 59 Mo. App. 53; Blaine v. Publishers: George Knapp & Co., 140 Mo. 241.   (2)  There being substantial evidence to support the allegations of plaintiff's petition, it was a question of fact for the jury to decide, upon all the evidence, whether or not plaintiff's assignor did comply with the terms of his contract and thereby become entitled to the extra compensation.

No brief for respondent.

BLAND, P. J.—Suit was commenced by the filing of the following complaint in a justice's court in the city of St. Louis:

"That heretofore, to-wit: on the ninth day of March, 1897, one Lave N. Cross and defendant entered into a contract in writing, by which defendant agreed to pay to the said Lave N. Cross, the sum of two thousand one hundred dollars for service to be rendered as baseball player for the playing season of 1897.

"Plaintiff states it was further provided in an extra stipulation in said contract, that in the event of the manager of the party of the first part (this defendant) certifying at the close of the season of 1897 that said Lave Cross has implicitly obeyed the orders and faithfully performed all the covenants

in the above contract and totally abstained from late hours and other dissipation, and has, in his opinion, played first-class ball, then the party of the first part (this defendant) shall pay, in one payment, three hundred dollars extra to said Lave Cross.

"Said contract is in possession of said defendant and can not be filed herewith, but a copy thereof is here filed, marked Exhibit 'A.'

"Plaintiff further states that said Lave N. Cross did implicitly obey the orders and faithfully perform all the covenants of said contract, and did totally abstain from late hours and other dissipation, and did play first-class ball, and thereby became entitled to the said three hundred dollars extra compensation.

"Plaintiff states that at the close of the playing season of 1897, said Lave N. Cross demanded the certificate aforesaid from the defendant's manager, and said manager promised and agreed to give him such certificate, and stated to him that he was justly entitled thereto; but plaintiff says that said manager of defendant, through fear and caprice, and with the intention to fraudulently deprive said Lave N. Cross of said sum of money and to strengthen his own position with his employers, this defendant, withheld said certificate and has since refused to give the same for the reasons aforesaid.

"Plaintiff further says that heretofore, to-wit, on May 15, 1900, by a certain instrument in writing herewith filed, marked Exhibit 'B,' said Lave N. Cross for value received, sold, assigned, transferred, set over and delivered to this plaintiff all his right, title and interest in and to the said three hundred dollars, and the cause of action sued on herein, and this plaintiff is now the assignee and owner thereof.

"Wherefore, plaintiff prays judgment against the said defendant for said sum of three hundred dollars, with interest from October 15, 1897, and costs of suit."

By appeal from the judgment of the justice on the merits,

the cause was taken to the circuit court. • On a trial anew in the circuit court, before the court and a jury, plaintiff offered evidence tending to show the execution of the contract as alleged in his complaint; that Cross complied with and fulfilled all its requirements; that he played first-class ball during the season of 1897, obeyed all the rules and regulations of the club and was entitled to the certificate of the manager of the defendant, and that the manager promised to give the certificate to him, but when he demanded it at the close of the season, the manager declined to give it to him, stating at the same time that Cross was entitled to the certificate but that he could not give it to him, if he did, he would lose his position as manager.

Defendant introduced evidence tending to prove that Cross did not fulfill the conditions of the contract and was not entitled to the certificate of the manager and the extra pay of three hundred dollars; that he did not play first-class ball; that out of one hundred and thirty-two games played by the club during the season, Cross only played in eighty-eight of the games; that defendant's manager did not promise Cross the certificate, but refused to give it to him for the reason · that he had not earned it and was not entitled to it under the terms of his contract.

The trial court ruled that the production of the manager's certificate, called for by the contract, was essential to plaintiff's right to recover and instructed the jury to find the issues for the defendant.

On this ruling plaintiff took a nonsuit, with leave to set the same aside. His motion to set aside the nonsuit was overruled, whereupon he appealed.

It would be a paradoxical condition of the law, if, when the parties to a contract agreed to abide by the decision or opinion of an outside party in regard to the correspondence of the word "done" or "services performed" with the contract, if the party to the contract who had done the work or per-

formed the services would be remediless in the event the party to whose decision or opinion the parties agreed to abide should refuse to act or should in his actions be governed by whim or caprice or should act fraudulently. It is true, that when a suit is brought on a contract that requires something to be done by the plaintiff to entitle him to sue, he must allege and prove the performance on his part of its conditions before he is entitled to recover for a breach committed by the other party. But, where in a suit on a contract, like the one at bar, the plaintiff alleges as is alleged in the complaint, a performance of the contract and that he has earned and is entitled to the wages agreed to be paid for his services and to the certificate which the outside party was to furnish, but that the outside party for a wholly insufficient reason, or for no reason at all, has refused to grant the certificate he may recover the value of his services without the certificate being furnished by the outside party. Williams v. Railroad, 112 Mo. 463 l. c. 489, and cases cited.

In the same case, on the second appeal (153 Mo. 499), the Supreme Court said:

"We held then that where parties agree to abide by the decision or opinion of an architect, engineer or commission of any kind, in regard to the correspondence of the work done with the contract, in an action on such contract, the approval of the person selected by both parties to determine this must be averred and proved, but that if the engineer or arbitrator so chosen made no measurement or estimate, or fraudulently neglected and refused to do so, then plaintiff would not be debarred of redress upon proper and appropriate charges of such fraudulent and collusive refusal, or failure, to make such estimate."

The refusal of the manager of the defendant to give the certificate if Cross was entitled to it, does not deprive Cross of the right to recover his earnings under the contract. Nee-

nan v. Donoghue, 50 Mo. 493 l. c. 495. The issue should have been submitted to the jury under appropriate instructions.

The judgment is reversed and the cause remanded. *Barclay* and *Goode, JJ.,* concur.