·GODFREY H. LASAR, Appellant, v. GEORGE W. BALDRIDGE, Respondent.

St. Louis Court of Appeals, November 13, 1888.

1. **Equity: FORFEITURE.** Courts of equity will not lend their aid to the enforcement of a forfeiture for breach of a condition subsequent.

2. **Equity : AGREEMENT TO ARBITRATE.** Where it is agreed that all ·matters of difference between the parties shall be finally settled by arbitration, one party has no standing in court to enforce the terms of the principal contract, who fails to show a refusal by the other to arbitrate as agreed upon.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES A. SEDDON, Judge.

AFFIRMED.

*George A. Knight* and *H. A. Loevy*, for the appellant.

The petition alleges a forfeiture which we are entitled to enforce in equity. *Orr v. Zimmerman*, 63 Mo. 72; Bispham's Prin. Eq. 238; *Brown v. Vandegrift*, 80 Pa. St. 148. Appellant has no full, adequate and complete relief at law, because: The respondent is insolvent and unable to respond to a judgment for damages ; the damages cannot be estimated ; the wrong complained of involves a multiplicity of suits concerning the same subject-matter. *Biddle v. Ramsey*, 52 Mo. 153. An analogy to a cloud is cast on appellant's title by respondent's conduct, which a court of equity will remove by a proper decree. *Harrington v. Utterback*, 57 Mo. 521; *County v. Green*, 66 Mo. 513 ; *Church v. Hintze*, 72 Mo. 364. The bill entitles · appellant under his prayer for general relief to an injunction. *James v. Dixon*, 20 Mo. 79 ; *Turner v. Stewart*, 78 Mo. 480 ; *Harrison v. Board*, 22 Mo. App. 465 ; *Probasco v. Bouyon*, 1 Mo. App. 246.

*G. E. Bigot*, for the respondent.

A court of equity will never actively enforce a forfeiture, nor lend its aid in the divesting of an estate for a breach of covenant on a condition subsequent. *Messersmith v. Messersmith*, 22 Mo. 372; Bispham Eq. [4 Ed.] 238; 1 Pomeroy Eq. secs. 459, 460; 2 Story Eq. [3 Ed.] sec. 1319; *Livingston v. Tompkins*, 4 Johns. Ch. 431; *United States v. McRae*, L. R. 4 Eq. 327; *Baxter v. Lansing*, 7 Paige; *Gordon v. Lowell*, 21 Me. 251; *Smith v. Jewett*, 40 N. H. 530, 534; *Bank v. Bank*, 3 Met. 581; *Railroad v. Railroad*, 57 Pa. St. 65; *McKim v. White Hall Co.*, Md. Ch. 510; *White v. Railroad*, 13 Mich. 356; *Bank v. Hammond*, 1 Dougl. [Mich.] 527; *Lawl v. Hyde*, 39 Wis. 353; *Beecher v. Beecher*, 43 Conn. 556; *Warner v. Bennet*, 31 Conn. 468; *Popham v. Bampfield*, 1 Vern. 83; *Carey v. Bertie*, 2 Vern. 339. A court of equity will not take jurisdiction of a case for the purpose of enforcing a penalty or forfeiture, but will leave the party to his remedy at law. *Paxton v. Douglas*, 16 Ves. 239; *Watts v. Watts*, 11 Mo. 547; *Mining Co. v. Ormsby*, 47 Vt. 709; *Horsburg v. Baker*, 1 Peters, 232; *Roberts v. Wilkinson*, 34 Mich. 138; *Railroad v. Railroad*, 57 Pa. St. 65.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff appeals from a judgment sustaining a demurrer to his second amended petition, and entering final judgment thereon. The record states that the plaintiff refused to plead further, but this recital is surplusage since under the statute his second amended petition was his third pleading, and being adjudged insufficient on demurrer, it was the duty of the court to render final judgment regardless of the fact whether plaintiff desired to plead further. R. S. sec. 3540; *Beardslee v. Morgner*, 73 Mo. 22. The petition states in substance that on February 16, 1885, plaintiff and defendant agreed (in writing) that defendant was to pay

plaintiff a royalty upon the sale of defendant's type-writing machine, which plaintiff had been perfecting and "to pay the costs of any and all applications that have been made or that may hereafter be made for patents, for any invention, device or improvement of said second party (*i. e.*, the plaintiff) that shall be by him assigned to said first party, as hereinafter provided for."

In consideration whereof, plaintiff agreed to assign to defendant all his (plaintiff's) inventions and improvements in defendant's type-writer and to continue to give his personal attention to the improvement of the type-writer.

It was further agreed, that any failure on the part "of said first party [defendant] to faithfully and properly keep and perform the things and each of them herein agreed by him to be done shall work a forfeiture of his right to and interest in any design, invention and improvement assigned, transferred and set over to him by said second party [plaintiff] and shall cause the title to said design, invention and improvement to revert to and revest in said second party" [plaintiff.]

On the same day [Feb. 16, 1885], plaintiff assigned, as agreed, his right and interest in an improvement, for which an application for patent had already been made to issue in defendant's name, subject to the provisions of the contract of that date. Then follows the description of the various parts of the improvement referred to in this assignment to defendant. That plaintiff thereafter made other inventions, which became by operation of the contract, assigned to defendant, and thereupon on August 30, 1886, plaintiff notified defendant that he was ready to apply for letters-patent for one of his improvements and requested defendant, in pursuance of his contract, to provide and furnish plaintiff money to pay for the application for letters-patent, which defendant refused to do, in violation of his agreement; that thereupon and thereby, in accordance with and as provided by said contract, defendant forfeited to plaintiff all his interest in plaintiff's inventions and

improvements and his interest reverted to and revested in plaintiff.

The complaint is then made that, notwithstanding the reverter to and revestiture in plaintiff, defendant is about to use all of said inventions and improvements in a type-writing machine of his own invention upon which he is engaged and in the manufacture of which he is about to engage ; that fifteen thousand dollars has been expended in perfecting plaintiff's machine ; that forty-eight hundred and fifty dollars has been paid for a lot ground and twenty thousand dollars for the erection of factories and buildings thereon for the manufacture and sale of plaintiff's type-writers ; that his inventions thus described are important, necessary and essential components and parts of his machine in order that it may be complete and perfect and thoroughly accomplish the objects for which it is intended ; that he cannot supply them by any other invention, and that his type-writer is useless without each and all of them, but that he cannot lawfully use them so long as the complete right and interest are in defendant's name, and that plaintiff has no protection against defendant's using plaintiff's inventions in his (defendant's) type-writer ; that the damage caused plaintiff by his inability to lawfully use his inventions cannot be estimated ; that defendant is insolvent and wholly unable to respond to any judgment for damages, which plaintiff might obtain and that plaintiff has no plain, adequate and complete remedy at law. Wherefore, he prays that the court decree that defendant assign and transfer to plaintiff the interest in plaintiff's inventions assigned to defendant by the contract which reverted to plaintiff, and for other and further relief.

The petition also states that the contract provided " that any difference that may arise between the parties hereto shall be submitted to three arbitrators, one to be selected by each party, and the two selected to choose a third, and that the finding of said arbitrators shall be accepted by said parties hereto as final and conclusive of any disputes submitted."

The demurrer was interposed on the ground that the

petition did not state facts sufficient to constitute a cause of action.

The demurrer was rightly sustained.    The main aim of the petition is to seek the enforcement of a forfeiture for breach of a condition subsequent, and courts of equity will not lend their aid for that purpose.  2 Story Eq. [3 Ed.] sec. 1319 ; Pomeroy's Eq. secs. 459, 460 ; Bispham's Eq. [4 Ed.] 238 ; *Messersmith v. Messersmith*, 22 Mo. 372 ; *Orr v. Zimmerman*, 63 Mo. 72. The petition prays no other specific relief.

If the allegations of the petition were otherwise sufficient to entitle the plaintiff to the incidental relief of an injunction under his prayer for general relief, he does not show himself entitled to it, because he fails to show a refusal on part of defendant to arbitrate their differences as the contract provides.

The case of *Quinlivan v. English*, 44 Mo. 51, 52, is analogous and in point.   The question is not whether a court of equity will decree specific performance of a contract to arbitrate, but whether it will undertake to settle disputes in a manner contrary to the one agreed on by the parties themselves.   The mere insolvency of the defendant furnishes no *independent* ground of equity jurisdiction in any case, nor a removal of a cloud on the title to personal property.   The petition does not even claim that the plaintiff will be driven to a multiplicity of suits, in fact it appears that by a submission to arbitration, any suit might have become superfluous.

Judgment affirmed.   All concur.