WILLIAM L. MURPHY, Appellant, v. NORTHERN BRITISH AND MERCANTILE COMPANY, Respondent.

Kansas City Court of Appeals, March 4, 1895.

1. Insurance : ARBITRATION: DISAGREEMENT. An offer by an adjuster which was refused by the insured, sufficiently evinces a disagreement so as to bring into operation the arbitration provisions of the policy.

2. ———: ———. The arbitration provision in a policy, in this case, is absolute and mandatory, and such contracts are upheld by the courts; and such arbitration under the terms of this policy was a condition precedent to the defendant's liability. The fact that subsequent provisions in regard to proof of loss refer to the abitrator's award "when appraisal has been required," does not affect the arbitration provision.

3. ———: ———: DENIAL OF LIABILITY. In this case the fact that the defendant, in its answer, denied all liability, does not waive the necessity for an arbitration, as during the currency of the time for making proofs no such denial appears to have been made by the defendant.

4. ———: PRODUCTION OF BOOKS AND PAPERS: REASONABLE PLACE. The provision of an insurance policy requiring the insured to produce his books, etc., for examination, when required, at a reasonable place, means a reasonable place in the locality or town where the insured property is situated.

5. ———: PROOF OF LOSS: WAIVER.  There appears to be a waiver of the proofs of loss in this case.

6. ———: VOID IN PART: VALUED POLICY.  A policy of insurance may be void as to one class of property and valid as to another; and, where the same policy covers realty and personalty, and the realty is separately valued in the policy, the insurer is, on a total loss of the realty, liable therefor, although the policy on the personalty is invalid by a failure of the insured to demand an arbitration.

*Appeal from the Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*Dysart & Mitchell* for appellant.

(1) The waiver was made four days before the sixty days were up and was not denied by Mr. Payscn, who was sworn by defendant on the trial.  The waiver was clear and plaintiff relied on it and had a right to.  The waiver was a question for the jury.  *McCullough v. Ins. Co.*, 113 Mo. 606; *Hoffman v. Ins. Co.*, 56 Mo. App. 301; *Fulton v. Ins. Co.*, 51 Mo. App. 460; *Loeb v. Ins. Co.*, 99 Mo. 50 and cases cited, pp. 55 and 56 as to waiver by agent.  *Wheaton v. North British and Mercantile Ins. Co.*, 9 Amer. St. Rep., p. 216, and note on pp. 229, *et seq.*; *Hamilton v. Ins. Co.*, 94 Mo. 353, and cases cited.  A stipulation in insurance policy that the conditions can be waived only by general agent in writing does not render oral waiver by local agent inoperative since such stipulation itself may be waived. *Hanna v. Ins. Co.*, 56 Mo. App. 582; *Phœnix Ins. Co. v. Hart*, 36 N. E. Rep. 990; *Aetna Ins. Co. v. Olmstead*, 21 Mich. 246; 4 Am. Rep. 483; Wood on Fire Insurance, sec. 431.  (2) That there has been no award was as much the fault of the company as the insured, and, therefore, the company is estopped from taking advantage of it.  *Phœnix Ins. Co. v. Badger*, 53 Wis. 288; *Millaudon v. Ins. Co.*, 8 La. (O. S.) 538.  The

insurance company drew the contract and imposed the conditions, and ought to be held to use language so plain and clear that insured can not mistake, or be misled, as to the duties imposed upon him, and if the language used is susceptible of the interpretation given thereto by the insured, the policy ought to be construed in favor of the insured.   Wood on Fire Insurance, secs. 140, 141.   *Renshaw v. Ins. Co.*, 103 Mo. 595, 611; *Ethington v. Ins. Co.*, 55 Mo. App. 129.   This is true, "although intended otherwise by insurer."   *Hale v. Ins. Co.*, 46 Mo. App. 508, and cases cited; *Hoffman v. Ins. Co., supra.*   Especially as to conditions to be filled after loss.   *McFarland v. Ins. Co.* (Mo. Supr. Ct.), 27 S. W. Rep. 436; *McNally v. Ins. Co.*, 137 N. Y. 389; *Am. Ex. Co. v. Ins. Co.*, 17 Ins. Law Journal, 709. (3) The appraisal is not made a part of the proof by this policy, and may be waived by the company at any time, before the matter comes into court or after. This suit is for total loss of real estate and personal property.   The company made no demand for arbitration and deny all liability under the policy, and the court erred in directing a verdict for defendant.   *Mentz v. Ins. Co.*, 79 Penn. St. 478; 21 Am. Rep. 80; *Kahn v. Ins. Co.*, 25 Pac. Rep. 953; 23 Ins. Law Journal, 401; *Randall v. Ins. Co.*, 10 Mont. 360; Wood on Fire Insurance, sec. 456; *Mentz v. Ins. Co., supra; Millaudon v. Ins. Co.*, 8 La. 568; *Robinson v. Ins. Co.*, 17 Me. 131; *Ins. Co. v. Putnam*, 20 Neb. 331; *Ins. Co. v. Forewood*, 13 Ky. L. Rep. 26; *Kahn v. Ins. Co.*, 23 Ins. L. J. 401; 34 Pac. Rep. 1059; *Randall v. Ins. Co.*, 25 Pac. Rep. 953; *Ins. Co. v. Gladdis*, 10 Ins. L. J. 774; *Savage v. Ins. Co.*, 21 Ins. L. J. 967; *Ins. Co. v. Barwick*, 36 Neb. 223; *Goldstone v. Osborne*, 1 Bennett Insurance Cases, 129; *Wallace v. Ins. Co.*, 4 McCrary, 123; *Hamilton v. Ins. Co.*, 61 Fed. Rep. 379; *Ins. Co. v. Frazier*, 22 Ill. App. 327; *Zimeriski v. Ins. Co.*, 91 Mich. 600; *Ins. Co.*

*v. Robinson*, 64 Ill. 265; *Wright v. Ins. Co.*, 100 Pa. 29, affirming 79 Pa. St. 478; *Ins. Co. v. Steigers*, 109 Ill. 254; Fire Insurance Digest by Clement, p. 557, sec. 48. (4) A portion of the property insured was a building, which was totally destroyed, and the statute settles the amount of loss of that, sections 5897 and 5898, Revised Statutes, 1889; and even if defendant had "required" and obtained an arbitration thereon, it would have bound no one as to the real estate. *Ampleman v. Mercantile Co.*, 35 Mo. App. 317; *Reilly v. Ins. Co.*, 43 Wis. 456; *Baker v. Ins. Co.*, 57 Mo. App. 559; *Rosenwald v. Ins. Co.*, 50 Hun. 172; *Adams v. Ins. Co.*, 4 Page and B. (N. B.) 569; *Bowers v. Ins. Co.*, 4 Page and B. 437; *Ins. Co. v. Eddy*, 22 Ins. L. J. 468. (5) It is not denied that plaintiff kept his books, invoices, bills and other papers at Cairo, Missouri, and never, at any time, denied defendant access thereto, but invited them to come and examine them as much as they wished.

*Fyke, Yates & Fyke* for respondent.

(1) The policy contained an absolute requirement, making arbitration necessary upon the happening of a single contingency, *i. e.*, a disagreement as to the amount of the loss or damage. This provision has been uniformly upheld and thereunder it is the duty of the party seeking to enforce the contract to place into operation the means provided by the policy for arbitration. *Mosness v. Ins. Co.*, 52 N. W. Rep. 932; s. c., 50 Minn. 341; *Kahnweiler v. Ins. Co.*, 57 Fed. Rep. 562; *Lumber Co. v. Phenix Co.*, 80 Mich. 116; *Phenix Co. v. Stocks*, 36 N. E. Rep. (Ill.) 408; *Gasser v. Sun Fire*, 42 Minn. 315; *Canal Co. v. Coal Co.*, 50 N. Y. 252. That this is the law in Missouri, although we have no settled case on the question, is apparent from the

reading of the following analogous cases. *Lasa v. Baldridge*, 32 Mo. App. 362, *loc. cit.* 365; *Iron Co v. Halverson*, 48 Mo. App. 383, *loc. cit.* 392. (2) The policy condition requiring the production of books, invoices and vouchers at such reasonable place as may be designated by the company, is a valid condition, and Moberly, Missouri, is a reasonable place. Claimant having refused to produce such books and papers, respondent's demurrer to the testimony was properly sustained upon this theory of the case. *Fire Co. v. Mispelhorn*, 50 Maryland, 180; *Mispelhorn, v. Fire Ins. Co.*, 54 Maryland, 473; *O'Brien v. Commercial Co.*, 63 N. Y. 108; *Langan v. Royal Co.*, 29 Atl. Rep. 710. (3) There was no waiver of proofs of loss shown by the testimony. The offer to settle for $750 did not waive proofs of loss. *Leigh v. Ins. Co.*, 37 Mo. App. 542, *loc. cit.* 546; *Mattox v. Ins. Co.*, 39 Mo. App. 198, *loc. cit.* 204.

ELLISON, J.—This action is based on a policy of insurance. In the trial court there was a demurrer interposed to the evidence for the plaintiff and sustained by the court.

The property insured consisted of some inferior real property but principally of a stock of merchandise in the buildings. The plaintiff and the officers of the defendant company could not agree on the value of the property destroyed. The policy, among other provisions, contained the following: "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind

and quality; said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided; and the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy.

"In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expenses of the appraisal and umpire.

"This company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including the award by appraisers when appraisal has been required. * * *

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with

all the foregoing requirements, nor unless commenced within twelve months next after the fire."

The plaintiff and defendant's adjusting agent were unable to agree on the amount of the loss, that is to say, on the value of the property destroyed. The adjuster made an offer which was rejected by plaintiff. This sufficiently evinced a disagreement so as to bring into operation the provisions of the policy as. to arbitration. *Manufacturing Co. v. Assurance Co.*, 106 N. C. 28.

By the provisions of this policy, whenever the parties to the contract failed to agree on the amount of the loss, then it was to be settled by arbitration. The provision is absolute and mandatory. And such contracts being in the interest of amicable adjustment of disputes which must otherwise become the subject of vexatious controversy and litigation, are upheld by the courts. *Mosness v. Ins. Co.*, 50 Minn. 341; *Kahnweiler v. Ins. Co.*, 57 Fed. Rep. 562; *Chippewa Lumber Co. v. Ins. Co.*, 80 Mich. 116; *Phœnix Ins. Co. v. Stocks*, 149 Ill. 319. It was, therefore, under the terms of the policy, a condition precedent to a liability by defendant to plaintiff that there should have been an adjustment by arbitration of the sum due plaintiff. When that adjustment was made, then the amount fixed became due to plaintiff on the expiration of sixty days. Plaintiff having, without cause, neglected to have the amount due to him determined by arbitrators, is not in a position to maintain an action on the contract of insurance, since he can not show a liability for the sum he seeks without violating fundamental provisions of the contract which are precedent to his right.

But it is insisted by plaintiff that the words, "when appraisal has been required," which are found in the latter part of the portions of the policy above quoted, distinguish the terms of this policy from those

which are found in the authorities relied upon by counsel for the defendant. His contention being that those words qualify the context of the entire policy as to arbitration; and that before there is any necessity for an arbitration, it must be demanded by one of the parties. It is true that those words are not to be found in any of the policies to which our attention has been called, with the exception of *Mosness v. Ins. Co., supra.* But if plaintiff's contention is correct, those words must be allowed to have as much force as those frequently found in policies which only require an arbitration when a written request is made by either party to the contract. We think they have not such meaning. It would require a suppression of the leading terms of the contract, and an unnatural straining of the language of other portions, to so hold. The words refer to the situation of the case or circumstances which may surround it. They do not refer to an affirmative act of the parties on the matter of arbitration. It is not in every instance of loss that an arbitration will be required. For instance, if the parties agreed upon an amount which the company afterwards refused to pay, an arbitration would not, in such case, in the language of the policy, be "required." To quote the words of the court in *Mosness v. Ins. Co., supra:* "The language used constituted a condition precedent to plaintiff's right of action, when circumstances transpired to which the language is applicable; that is, when the insurer and the insured disagreed over the amount of the loss." There can be no question but the policy expressly provides that the amount of the loss shall be fixed, either by the parties themselves, or (in case they disagree) by arbitrators; there is no room for construction of this part of the contract; it is clear, precise and definite. It provides that the ascertainment of the amount of the loss or damage "*shall* be made by

the insured and this company, or, if they differ, *then* by appraisers, as hereinafter provided; and, the amount of the loss or damage *having been thus determined*," the same shall be payable in sixty days after it is thus ascertained. It is then provided how in case of disagreement, the arbitrators are to be selected; the policy stating that in case of disagreement as to the amount of the loss, "the same shall, as above provided, be ascertained by" the arbitrators. What do these provisions mean? Evidently they require an arbitration when the parties can not agree. Or, in other words, that a disagreement between the parties as to the amount of loss or damage, requires arbitration before anything is due under the contract. So that clause of the policy, "when appraisal has been required," relied upon by the plaintiff as qualifying the foregoing provisions, plainly has not such effect. That clause clearly refers to the contingency of disagreement; for, when a disagreement has occurred, then, *ipso facto*, "appraisal has been required."

It is further contended by plaintiff that, as defendant denied *all* liability in this case, no arbitration was necessary, since, in defendant's view, there was nothing to arbitrate. But the difficulty with plaintiff's position in this respect is that there was no denial made by defendant of all liability when the loss was under discussion and was being determined. The amount of the liability was being ascertained, and defendant made an offer which plaintiff rejected. A condition then existed for fulfilling a condition which was precedent to defendant's liability. *Manufacturing Co. v. Assurance Co., supra.* The denial of all liability was not made until after plaintiff had instituted this action which had not then accrued to him. A like question was made in *Kahnweiler v. Ins. Co.*, 57 Fed. Rep. 562, and was disposed of in harmony with

what we have said, in the following apt language:
"On the second objection many decisions have been
cited by the parties on either side, and the plaintiffs
insist that the provision in the policy for arbitration
has been waived by the company and is inoperative;
that the company could not invoke that provision to
abate or defeat the plaintiff's suit, because it made no
demand for arbitration, and because it denies its lia-
bility *in toto*. This denial of liability *in toto* appears
for the first time in the answer of the defendant in this
suit. Up to that time the company had offered to pay
its proportion of what it claimed was the actual loss of
the insured, but there was an irreconcilable difference
between the parties as to the amount of that loss, thus
bringing the case within the provisions of the arbi-
tration clause of the policy. Inasmuch as the arbi-
tration should precede any suit, at no time during the
period for arbitration did the company deny its liability
for the loss. That the company has set up in one
count of its answer a denial of any liability, does not
affect the case. It might waive any objection as to the
cause of the fire and offer to settle to avoid litigation;
but this would not affect its right when sued, to set up
in its answer any legal defense it had to the action."

The policy contained the following clause, that
plaintiff "as often as required, shall produce for exam-
ination all books of accounts, bills, invoices, or certified
copies thereof, if originals be lost, at such reasonable
place as may be designated by this company or its rep-
resentative, and shall permit extracts and copies thereof
to be made." The property insured was located at
Cairo, Missouri, and one of defendant's adjusters was
there investigating the loss, and it appears from the
testimony, examined some of plaintiff's books and
invoices. Afterwards defendant demanded of plaintiff
to produce his books, invoices, etc., at St. Louis, which

plaintiff refused to do. Afterwards defendant's adjuster being at Moberly, Missouri, six miles from Cairo, both places being on the same line of railroad, notified plaintiff to produce his books at Moberly. Plaintiff replied to this by letter stating that he could be seen at Cairo and refusing to go to Moberly.

We are aware that the courts uphold the provisions in insurance policies which make it incumbent upon the insured to produce his books, accounts, etc., when required by the company. But the demand for such production shall be a reasonable demand and the place at which the production and examination is. required should be a reasonable place. Indeed, according to the terms of this policy, that place must be a reasonable place. In our opinion this provision should not ordinarily be considered as embracing any other place than at or near the scene of the loss. It is at such place that an examination into the loss, its causes and its amount, is, under nearly all circumstances, had. It is at such locality, at a reasonable place in such locality, that this provision of the policy requires a production of the books, etc. There might be a loss at a locality where an examination of the books and accounts could not be had and where it would be wholly unreasonable to undertake an examination. But the case at bar does not present such a state of facts. Cairo was in all material respects as convenient for defendant's agent as Moberly, being on the same line of road and only a few miles away. This provision, as applied to facts governing this case, only meant that plaintiff should produce his books, bills, etc., at some convenient or reasonable place in Cairo.

We are of the opinion that there was evidence sufficient to establish a waiver of proofs of loss under the ruling in *Loeb v. Ins. Co.*, 99 Mo. 50.

We are thus brought to the only remaining point in the case. The policy, though for a gross premium covering the stock of goods and the realty, contained a separate insurance, on a separate valuation, of two buildings. One was valued at $35, and the other at $75. We have held that a policy of this nature is severable; and that it may be avoided as to one class of property insured and valid as to another. *Crook v. Ins. Co.*, 38 Mo. App. 582. While we have seen that on account of plaintiff's failure to seek an arbitration after he and defendant disagreed as to the amount to be paid him, he can not recover, yet this will only prevent his recovery for that portion of the loss which could be a subject of disagreement, which in this case was the stock and fixtures. The separate valuations put upon the two buildings will be taken, under our statute, section 5897, to be the actual value at the time of issuing the policy, and in the absence of a showing by defendant of depreciation between the date of the policy and the loss, will be conclusive as to the damage sustained by the loss. Defendant made no showing of a depreciation in this case and we must therefore hold, under the statute aforesaid and under the cases of *Ampleman v. Ins. Co.*, 35 Mo. App. 308, and *Barnard v. Ins. Co.*, 38 Mo. App. 106, that the amount named in the policy on these two buildings, there being a total loss, is the amount of the damage to plaintiff. There being, then, a total loss of the buildings and the amount of the damage being measured by the amount of the valuation in the policy, there remained nothing to arbitrate and nothing upon which the policy provision in that respect could operate in so far as it related to the buildings. *Baker v. Ins. Co.*, 57 Mo. App. 559. There was no failure on plaintiff's part therefore as respected the buildings and it was error to instruct the jury to find against him *in toto*. We shall, therefore, reverse the judgment and remand the cause.