JOHN N. McNEES, Respondent, v. SOUTHERN INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, February 15, 1897.

1. **Insurance**: ARBITRATION: CONDITION PRECEDENT. Where an insurance policy provides that in case of difference as to the amount of loss the same shall be fixed by arbitrators whose award should determine the amount of the loss, such arbitration becomes a condition precedent to any action on the policy, and the plaintiff must show such arbitration or all proper efforts on his part to secure the same.

2. ———: ———: CONSTRUCTION. The words, "if appraisal has been required," found in what is known as standard insurance policies does not mean that the company shall require an arbitration but there shall be an arbitration if the parties can not agree, as is more clearly shown by the further stipulation that the award shall determine the amount of the loss.

3. ———: ———: DELAY. In the matter of arbitration both insured and insurer can act; and, if the insurer, knowing the disagreement, fails to demand the arbitration, he ought not to be heard to complain of the plaintiff's mere delay in making the offer; but a delay so great as to render an arbitration impossible or impracticable would defeat the plaintiff's rights.

4. ———: ———: RES ADJUDICATA. Plaintiff brought suit without securing an arbitration and on appeal it was held premature. *Held*, such suit was not *res adjudicata* of the merits and would not bar a second suit after arbitration, or offer to arbitrate.

5. ———: COPIES OF INVOICES: DEMAND. Where no proper demand is made for copies of invoices, the failure to furnish them is not a defense.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for defendant.

· (1) The offer to appraise two years after loss was not made within a reasonable time, and because not so made there can be no recovery. As absolutely decisive of this question by analogy see *Porter v. Ins. Co.*, 62 Mo. App. 520, and our observations thereon under the head of "argument," *post*. (2) The performance of any policy condition, where no time is mentioned for performance, must be within a reasonable time. *Palmer v. Ins. Co.*, 44 Wis. 201; *Miller v. Hartford*, 70 Iowa, 704; *Springfield Co. v. Brown*, 18 Atl. Rep. 396. (3) This is a general rule of contract law. *Brying v. Sailing*, 4 Mo. 522. Is the question, "what is a reasonable time," a question of law or fact? It is a question of law. *Singer v. Dickneite*, 51 Mo. App. 245. Can a delay of two years be deemed reasonable? No; ninety days not a reasonable time. *Porter v. Ins. Co.*, 62 Mo. App. 520. Nine months not a reasonable time. *Scammon v. Ins. Co.*, 101 Ill. 621. Likewise four months. *Ins. Co. v. Maackens*, 9 Vroom (N. J.), 564. (4) Failure to furnish the company with bills and invoices or certified copies is fatal to a recovery. *Longdon v. Ins. Co.*, 29 Atl. Rep. (Pa.) 710; *Fire Co. v. Mispelhorn*, 50 Md. 108; *O'Brien v. Ins. Co.*, 63 N. Y. 108. The letter of objection of Adjuster Carroll, dated August 28, is tantamount to a demand for the production of such papers. *Ins. Co. v. Bank*, 10 C. C. A. 342.

*G. W. Barnett* and *Sangree & Lamm* for respondent.

(1)   There never was any demand under the terms of the policy for the production of books and papers. To twist the criticism into a demand under the terms of the policy for the production of papers for inspection, copying, etc., is an afterthought and palpably disingenuous. Besides that, in the most favorable view to appellant, if by going to the very fringe of a fair construction of the English language, it could be considered such demand, yet it was insufficient as it did not designate any time or place for the production of such papers and the designation of the time and a "reasonable place" was a condition precedent to its right to the production of books and papers.   2 Biddle on Insurance, p. 999; *Fleisch v. Ins. Co.*, 58 Mo. App. 596; *Murphy v. Mercantile Co.*, 61 Mo. App. 323, 333; *Ins. Co. v. Maackens*, 38 N. J. L. 564, 573.   (2)   No time is mentioned in the policy within which an appraisal must be had, nor is time mentioned in connection with an appraisal.   The doctrine that policy provisions must be performed in a reasonable time or the insured will forfeit his claim, is applied only to conditions to be performed wholly by the insured.   Even on a request from the insurer and a refusal on the part of the insured, his right of action would merely be suspended until he acceded to the request.   *Kahnweiler v. Ins. Co.*, 67 Fed. Rep. 483; *Fleisch v. Ins. Co.*, 58 Mo. App. 596; *Vangindertaelen v. Ins. Co.*, 82 Wis. 112; *Gere v. Ins. Co.*, 67 Iowa, 272; *Kahn v. Ins. Co.*, 34 Pac. Rep. (Wy.) 1059; *Porter v. Ins. Co.*, 62 Mo. App. 520; *Hennesey v. Ins. Co.*, 35 Pac. Rep. (Wash.) 585; *Holmes v. Ricket*, 56 Cal. 315; *Randall v. Ins. Co.*, 25 Pac. Rep. 953; 10 Mont. 360; *Steel v. Ins. Co.*, 93 Mich.

81; *McCullough v. Ins. Co*., 113 Mo. 606; *Boyle v. Ins. Co.*, 169 Pa. St. 349; *Brock v. Ins. Co.*, 102 Mich. 583.

ELLISON, J.—This is an action on a fire insurance policy and is here on second appeal (see 61 Mo. App. 335). It was considered on the first appeal in connection with *Murphy v. Ins. Co.*, 61 Mo. App. 323. The *Murphy* case is likewise here on second appeal. By reference to the opinions when the cases were before us in the first instance, it will be seen that it was held that under the terms of the policies it was a condition precedent of a right to sue that there should have been an arbitration of the amount of the loss sustained. We are asked to reconsider the views expressed in those opinions, as well as in *Dautel v. Ins. Co.*, 65 Mo. App. 44.

That contracting parties may stipulate that the amount due to one of them from the other under the contract shall be ascertained by third parties is perhaps nowhere denied. Such stipulation is not only valid, as a part of an insurance contract, but it is a mode of adjustment which is encouraged by the courts as being a speedier and more amicable, as well as less expensive way of determining differences between the contracting parties. And when, by the terms of the contract, the award fixes the amount due from one to the other, that other should show that there has been an award, or that he has been prevented from obtaining an arbitration by some matter constituting a legitimate excuse. The principle underlying the rule here stated. is familiar and fundamental. He who asserts a right or demand, holds the affirmative and must show himself to be entitled to it. It is incumbent upon him to place himself in such condition affirmatively as gives him standing in court. Thus, if he comes

*INSURANCE:*
*arbitration:*
*condition*
*precedent.*

into court with a complaint, he must not only be entitled to redress in the abstract, but he must be in position to demand it and it devolves upon him to put himself in that position. Thus, at common law, though an account be owing to a creditor, he could not complain in court of the debtor's failure to pay until he had demanded payment and be able to show it. And so, in many instances which will readily occur to the practitioner. While these suggestions appear to be axiomatic, or self-evident, yet, if kept in mind, there ought not to be any difference of opinion about the proper solution of the question before us. The supreme court of the United States announced what we have just stated in the following language: "When the parties in their contract fix a certain mode by which the amount to be paid shall be ascertained, the party that seeks an enforcement of the agreement must show that he has done everything on his part, which could be done to carry it into effect. He can not compel the payment of the amount claimed, unless he shall procure the kind of evidence required by the contract, or show that by time or accident he is unable to do so." *United States v. Robeson*, 9 Peters, 319. That court quoted the foregoing extract as applicable to the contract contained in a policy of insurance. *Hamilton v. Ins. Co.*, 136 U. S. 242. So it was applied by our supreme court in the case of *Williams v. R'y*, 112 Mo. 486–494, where it is said that these provisions of adjustment enter into and become a part of the consideration of the contract, without which it might not have been made. And that "if a party makes a contract, he must abide by it before he can recover on it, and if an approval by an outside party is made a condition precedent in an action on the contract, such an approval must be alleged and proved," unless the approval has been wrongfully withheld, or there has

been a waiver. *Chapman v. R'y*, 114 Mo. 550; *Neenan v. Donahue*, 50 Mo. 493; *Dinsmore v. Livingston*, 60 Mo. 241. So this court and the court of appeals at St. Louis have held. *Roy v. Boteler*, 40 Mo. App. 213; *St. Joseph Iron Co. v. Halverson*, 48 Mo. App. 383; *Lasar v. Baldridge*, 32 Mo. App. 362. In the latter case Judge ROMBAUER, speaking for the court, said that the plaintiff had no standing in court to enforce the terms of the contract, *until he showed a refusal* by the other party to arbitrate as agreed.

The rule has been constantly applied to insurance cases under policies containing a clause for the arbitration of differences as to value of loss. A leading and most carefully considered case arose in England in the court of exchequer chamber, *Scott v. Avery*, found reported in 8 W. H. & G. 497, and afterward being taken to the house of lords, is found in 5 H. L. Cases, 811. That was an insurance case, wherein the policy provided that the sum to be paid the insured in case of loss should, in the first instance, be ascertained by a "committee" (parties representing the underwriters). That if a difference should arise between the committee and the insured touching the loss, the committee and the insured should each select an arbitrator and they to select a third, that the insured should be entitled to receive the amount awarded and that he could not maintain a suit for his loss until such award was had. It was held by both courts, after lengthy and careful consideration, that arbitration was a condition precedent to maintaining the action. That case has been almost uniformly followed in this country. The foregoing cases from this state show that the same rule is recognized with us. And in the federal courts (*United States v. Robeson, supra*) we find that it had been recognized long before *Scott v. Avery* arose. *Phoenix Ins. Co. v. Stocks*, 149 Ill. 319; *Chippewa L. Co. v.*

*Ins. Co.*, 80 Mich. 116; *Saucelito v. Ins. Co.*, 66 Cal.
253; *Carroll v. Ins. Co.*, 72 Cal. 297; *Norley v. Ins. Co.*,
85 Mich. 210; *Canal Co. v. Coal Co.*, 50 N. Y. 264;
*Wolf v. Ins. Co.*, 50 N. J. L. 453; *Davenport v. Ins. Co.*,
10 Daly, 535; *Western Ins. Co. v. Hall*, S. C. Alabama,
June 11, 1896; *Gauche v. Ins. Co.*, 4 Woods, 102; *Ins.
Co. v. Hamilton*, 59 Fed. Rep. 258; *Brown v. Overbury*,
11 Exch. 715; *Smith v. R'y*, 36 N. H. 487. So the same
rule is stated by Morse on Arbitration, p. 94, wherein
he says that: "The duty of procuring the decision of
the referee in cases like the foregoing rests primarily
upon the party who will have the claim for payment,
*i. e.*, upon the plaintiff in the suit to be brought after
the right of action shall have accrued. He must use
his best exertions to bring about and perfect the agree-
ment of reference. And it seems that his failure to
bring it about will enable him to institute suit without
it, only in case the obstacle to his success has grown
out of the contumacious action of the other party. The
debtor can not, by preventing the perfection of the
reference, escape the liability to be sued." And, also,
by Ostrander on Insurance, sec. 275; 2 May on Ins.,
sec. 495; 2 Wood on Ins., sec. 457; 2 Biddle on Ins.,
1154. .

The result of the rule herein announced is that the
contract of insurance is not to pay the amount of the
loss in case of disagreement between the parties, but it
is to pay the amount which shall be awarded by the
arbitrators, and until that is done, or excused, no sum
can be claimed, for the reason that none has been
found. When the arbitration is a condition precedent,
the agreement is "that a cause of action shall arise upon
the appraisal or award, *which is preliminary to and in
aid and a condition of* the right of action. *Reed v. Ins.
Co.*, 138 Mass. 575. "In contemplation of law, the
promise is not to pay such damage as the insured should

suffer, but to pay such sums as the arbitrators should fix as the amount of damage sustained." *Carroll v. Ins. Co.*, 72 Cal. 302. And that is the statement made in *Scott v. Avery, supra,* as well as many other of the foregoing authorities.

I have found but one case which asserts a contrary rule and that is *Kahnweiler v. Ins. Co.*, 67 Fed. Rep. 483. With all respect to the learned jurist who wrote the opinion in that case, I feel constrained to say that it overlooks decisions of the supreme court of the United States. The policy in that case did not contain the words found in this, "if appraisal has been required" and the case therefore stands out in full conflict with the authorities on the subject.

With the foregoing well established rules of law to govern us, we come to an interpretation of the contract, that is to say, to ascertain the intention of the parties as evidenced by the contract. The policy contains a mandatory provision that in case of fire the plaintiff "shall give immediate notice" of the loss, and "within sixty days after the fire shall render" proofs of loss. It further provides that: "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality; said ascertainment or estimate *shall* be made by the insured and this company, or, if they differ, *then by appraisers*, as hereinafter provided; and the amount of loss or damage having been *thus determined*, the sum for which this company is liable pursuant to this policy, shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory

proof of the loss have been received by this company in accordance with the terms of this policy.

"In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two *shall determine the amount of such loss;* the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expenses of the appraisal and umpire. This company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including the award by appraisers when appraisal has been required.    *    *    *    No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

It is contended by plaintiff's counsel that the words "when appraisal has been required" mean that it is optional with either party to demand arbitration and that they refer to some affirmative act of the company, requesting or demanding an arbitration. And the contention is supported by a case in Michigan. *National Association v. Insur-*

*ance Company*, 64 N. W. Rep. 21. It however seems to us clear that such claim contradicts a fair and reasonable construction of the language which has been used to express the intention of the parties. While, of course, *either* party can insist on arbitration, the plaintiff *must*, as the affirmative party, ask it if a difference arises in settlement, and so it was held by the supreme court of Pennsylvania, on a policy identical with this one, that arbitration was *not optional;* that the company could not insist on it without first trying to agree with the insured; and that the insured must have an arbitration if there was a disagreement. *Boyle v. Ins. Co.*, 169 Pa. St. 349.

It will be observed that these words appear in that part of the contract which prescribes the time when the loss shall be paid. The contract there provides that the money is not payable until sixty days after notice, ascertainment, and proofs of loss "*herein required*" shall have been received by the defendant, including the award by appraisers *when appraisal has been required.* It will be noticed that the provision is absolute as to the notice, estimate, and proofs of loss, but conditional as to an award. The reason for this is manifest. The contract is absolute that there shall be a notice, estimate, and proofs of loss, but it is *conditional* as to whether there shall be an arbitration; the condition being the contingency of a failure of the parties to agree. The parties to the contract have stipulated that in the event of a fire the loss *shall* be ascertained or estimated by themselves, if they can agree. But "in the event of disagreement as to the amount of the loss" it shall be submitted to arbitration, that is to say, if the parties differ, and arbitration is required. If the parties agree on the amount, an arbitration is not required. So the words: "If appraisal has been

required," find their application.  To force them to
mean that one of the parties, after a failure to agree,
must then request or demand an arbitration is wholly
inconsistent with the terms of the writing, for the con-
tract, in language as plain as can be written, has
*already* declared that in such event there *"shall"* be
an arbitration.  To force the meaning to those words
which is contended for exactly reverses the stipulation
as to arbitration.  For the parties have stipulated that
a disagreement requires an arbitration, while the mean-
ing here contended for, says the failure to agree does
not require an arbitration; that it takes the request or
demand of one of the parties to require it.  Suppose
the policy had used the word "required" instead of
"shall," so that the reading would have been that
"said ascertainment or estimate is required to be made
by the insured and this company, or, if they differ,
then it is required to be by appraisers as hereinafter
provided.  *  *  *"  "In the event of a disagreement
as to the amount of the loss the same is required, as
above provided, to be" arbitrated.  Would it be any
plainer that it was the failure to agree which required
an arbitration?  Would it then be said that the phrase
"when appraisal has been required," meant that the
parties must *again* require it?  Perhaps not, for then
there would be such a correspondence of words as
would arrest the attention of the most cursory reader.
Yet making the substitution of words as suggested,
would make the contract no clearer than it is as writ-
ten.  It is now written that if the parties can not agree
there *shall be* an arbitration.

Without wishing to prolong this opinion, there is
another suggestion which must show the error lying in
counsel's contention as to the meaning of those words.
In the event of the parties disagreeing the whole con-
tract is to pay and only to pay *the sum* which may be

*awarded* by the arbitrators. The contract reads that "any two (arbitrators) shall determine the amount of such loss," and "the amount of such loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable in sixty days after," etc. The whole cause is based on the award. And this is the holding of the courts as shown by the foregoing authorities. If there has been a disagreement, then the only standing plaintiff can have in court under the terms of the contract, unless there has been a waiver, as we have before intimated, is by showing an award of the sum for which he sues. The whole contract as to payment is based on the award. The award is plaintiff's only right. Thus showing beyond any question that the phrase "when appraisal has been required" refers to the fact of a difference having arisen as to the amount of the loss. He must state his cause of action upon an award, or such facts as excuse him from procuring one.

That a contract like that contained in this policy can not be construed as though it was like that found in many policies, viz.: that there shall be an award on "the demand of either party" or "the written request of either party," is made plain by several adjudications. In *Davis v. Insurance Company*, supreme court of Iowa, October 19, 1895 (64 N. W. Rep. 687), the provision as to arbitration was in the latter words, and the insurance company contended that an arbitration was a condition precedent to plaintiff's action, it was held that they were not unless there had been a written request. The court said (italics ours): "If we eliminate the words 'at the written request of either party,' *we have, in terms, a provision for arbitration as a condition precedent to a right of action.* If we restore the words, the provision is so modified that the arbitration is only to be had on request. Until there is a

written request neither party is compelled to arbitrate." In *Insurance Company v. Stocks*, 149 Ill. 331, there was an absolute provision for arbitration such as is in this policy and the court, in holding it to be *a condition precedent to the insured's right of action*, said: "This case differs from (citing a number of cases) in that the condition in them was that arbitration was to be had upon the written request of either party and it was there held that as it was the right of either party to demand arbitration, it was the right of the parties to waive it, and if no demand was made therefor, it would be presumed to have been waived." And so the text writers made the same distinction. We therefore state as we did in the *Murphy* case when here on the first occasion, quoting from the supreme court of Minnesota in a case involving the identical words found in the present policy, viz.: "The language used constituted a condition precedent to plaintiff's right of action, when circumstances transpired to which the language was applicable; that is, when the insurer and the insured disagreed over the amount of the loss." It is, perhaps, well enough (as we did in the *Murphy* and *McNees* cases) to call attention to the fact that the authorities relied on by those contending that it was defendant's duty to have asked for an arbitration are not applicable to the question here. They involve contracts where arbitration was clearly optional, or where there had been no disagreement, or where all liability was denied.

II.    After the cause was determined here as we have stated, plaintiff, near two years after the loss, demanded an arbitration, and defendant refused, princi-

——: ——: delay.  pally on the ground that the demand was too late. The policy does not prescribe a time within which arbitration shall be had, but, in this respect, only provides that the sum due plaintiff shall not be payable until sixty days after it shall have been

fixed by the arbitrators and the award received by defendant. It is true that when no time is specified for notice of loss and for proofs of loss, a reasonable time is meant. But what period constitutes a reasonable time depends upon the circumstances of the particular case. In other words, circumstances may prolong or shorten the period which would be denominated a reasonable time.

In the matter of proofs of loss, but one party, the insured, can act. It is an undertaking to be performed by him alone. In an arbitration ·under this policy either can set it on foot, and both must take part in it. Though it be true that the insured, in bringing suit, thereby holding the affirmative and the *onus* of showing himself entitled to sue, must act if the other does not, yet the company may very well, if it so desires, take the initiative, on a difference arising,. and demand an arbitration. If the company, knowing there is a disagreement as to the amount of the loss and of its right to have an arbitration, omits to call for such arbitration it ought not to be heard to complain of plaintiff's mere delay in making the offer. Of course, since, in the event of the parties disagreeing, plaintiff's cause of action depends on an arbitration for support, he takes upon himself the chance or peril which may happen from the delay. If a demand for appraisal should be made by the insured so late that defendant should refuse it, then if he could show by answer and proof that it refused for the reason that plaintiff had so delayed that it was impossible, or impractical to arbitrate, it would deprive plaintiff of the benefit of the arbitration.

These views prevent the possibility of any injustice to the parties and are in harmony with that rule of law which disfavors forfeitures except when clearly demanded by the stipulation of the parties. We shall,

therefore, hold the plaintiff's offer of arbitration not too late.

III.    The former case, with the judgment therein, as finally determined in this court, is set up by defendant as *res adjudicata.* The plea ought not to be allowed since the merits of the controversy have ——: ——: res not been finally adjudicated, it having adjudicata. only been determined that the former action was prematurely brought. The case might well be likened to instances where suit is brought on a claim not due; or, on a cause of action wherein it is necessary that there shall be a demand made before the suit is instituted. The mistake or inadvertence of instituting an action prematurely ought not to bar the claim on its merits.

The further point was made that the plaintiff refused to furnish defendant with copies of bills and inventories. It is sufficient to say of this ——: copies of in- that there was no proper demand made on voices: demand. plaintiff for these papers, as contemplated by the wording of the policy.

The result of the foregoing is that we must affirm the judgment.