Davis, J.
These cases have been the subject of unusual and protracted consideration, not only on account of the intrinsic importance of the questions involved, but also because there is a divergence of views in the lower courts, and a variance between two reported decisions of this court. As an introduction to what we have to say now, it is also proper, if not really necessary, to direct attention to the fact that all of the policies now under review, the policy in Grand Rapids Ins. Co. v. Finn, 60 Ohio St., 513, and all of the policies in Phoenix Ins. Co. et al. v. Carnahan, 63 Ohio St., 258, except that of the Phoenix Insurance Company of Brooklyn, are substantially the same, in most cases identical, so far as they relate to the questions now before the court; and that the only material difference in the excepted policy is in the absence therefrom of the clause “including an award by the appraisers when appraisal has been required,” a difference which, in the view which we take of the meaning and effect of that clause, is of no consequence.
In several reported cases, not “in numerous cases and supported by the great weight of authority,” it has been assumed, rather than demonstrated by a proper course oí reasoning, that the *401 effect of the clause quoted above is that the conditions relating to arbitration and appraisal do not become obligatory on the insured until appraisal has been required, in the sense of having been requested or demanded by the insurer, notwithstanding a stipulation in the policy, as in those now before the court, that, “No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements.”
The contrary view" is supported by several courts of high standing in carefully considered and well-reasoned opinions, which will be cited further on. It also logically results from the ruling in Ins. Co. v. Carnahan, supra, upon like policies, although in those cases there had been a demand for appraisal, by the insurers, that the condition as to arbitration or appraisement is a condition precedent and to entitle the insured to maintain-an "action to recover under the policy, he must show that he has either performed the condition or has a legal excuse for non-performance thereof. To statie it in another form, in case of a disagreement between the insurer and the insured as to the amount of the loss, the contract gives to the insured no right of action upon the policy, but only the right to enforce an award, unless the insurer has waived the condition by refusal to proceed under it, when requested, or otherwise. Carroll v. Girard Fire Ins. Co., 72 Cal., 297.
The supreme court of the United States, in Hamilton v. Home Ins. Co. of N. Y., 137 U. S., 370, held that “if a contract of insurance provides that no action upon it shall be maintained until *402 after an award by arbitrators is made as to the amount due upon it, the award is a condition precedent to a right of action on the contract.” See, also, Hamilton, v. Liverpool & London Globe Ins. Co., 136 U. S., 242; Old Saucelito L. & D. Co. v. Com. Union Assur. Co., 66 Cal., 253; Scottish Union & National Ins. Co. v. Clancy, 71 Tex., 5. The last paragraph of these policies, respectively, contains-this clause: “This policy is made and accepted subject to the foregoing stipulations conditions.” A little above that occurs the following: “No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements.” It should be noted that the “requirements” here mentioned are requirements by the terms of the contract, not requests by the insurer; for they are requirements already made and “foregoing.” At the very beginning of the statement of the conditions of the polic3>- is the following: “This company shall not be liable beyond the actual cash valué of the property at the time any loss or damage occurs, and the loss or "damage shall be ascertained or estimated according to such cash value * * * said ascertainment or estimate shall be made by the insured and this compa^q or, if they differ, then by appraisers, as hereinafter provided; and the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be- payable sixty days after due notice, ascertainment, estimate and satisfactory proof of loss have been received by this company in accordance with the terms of this policy.”
*403 Now, could a condition precedent be more express than this ? In case of difference or disagreement the “ascertainment” of the amount for which the insurer shall be liable “shall be made”by appraisers, and the amount “having been thus determined,” the same, not some other sum, shall be payable “sixty days after due notice, ascerlainment and satisfactory proofs of loss have been received by the insurer in accordance with the terms of the policy,” not in accordance with demand or request of the insurer. Beyond all reasonable dispute, this is an agreement to pay only after an award. But this is not all of the contract on this subject.
] t is again provided: “In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers,” etc., * * * “and' the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by the company.” At this point these stipulations seem to be complete, and, except for a slight but very important ambiguity, perfectly clear. Possibly the word “ascertainment” might have been referred to, and claimed to be confined to, the ascertainment of the loss and damage, by the insurer and the insured, when there is no dispute, as provided in the first condition which we have quoted; and therefore for greater certainty this clause is added, “including an award by appraisers when appraisal has been required.” It is true that the word “required” may mean “requested” or “demanded”; but it may also mean “made necessary” or “made an essential condi *404 tion,” and the word “requirements,” as used in these policies, may mean “essential conditions” or “things made necessary” (see Century Dictionary), and that meaning should be adopted which would seem to be most in harmony with the other language of the contract. This phrase “when appraisal is required” is so strikingly different from the policies in reported cases which expressly provide for appraisal upon “the written request of either party,” or “when appraisal has been permitted,” that we may assume that it was intended to avoid the construction placed on such policies; and when we consider the painstaking care with which the obtaining of an award is defined as a precedent condition, all through the contract, we are not at liberty to adopt a meaning for this one word “required” and the word “requirements” which would destroy the effect of everything else that is written in the contract on this subject and entirely reverse its meaning.
When is an appraisal required or “made necessary” ex vi termini within this contract?
An award is not called for or required by this agreement in every case, because in many cases, doubtless in most- cases, there may be no dispute over the loss; but by the express agreement of the parties, in the strongest terms, it is required “if they differ” and “in the event of a disagreement.” By the terms of the contract it is provided that, in case of disagreement, the loss does not become payable unless an appraisal has taken place; the “policy is made and accepted subject to the foregoing stipulations and conditions,” one of which is that “no suit or action, on the policy shall be sustainable * * * until after full compliance by the insured with all the *405 foregoing requirements.” It is very clear that the foregoing requirements are the requirements or conditions of the contract, and that the phrase can not fairly be applied to some future and contingent demand or request by one of the parties.
In a given state of circumstances, these policies plainly and definitely make the obtaining of an award, or at least an attempt in good faith to obtain an award, a condition precedent to a right of action on the policy; and it is elementary that the obligation of taking the initiative, or of showing an excuse for not doing so, is upon the party who has the affirmative in the action. “Where the parties, in their contract, fix on a certain mode by which the amount to be paid shall be ascertained, as in the present case, the party that seeks an enforcement of the agreement must show that he has done everything on his part which could be done to carry it into effect. He can not compel the payment of the amount claimed, unless he shall procure the kind of evidence required by the contract or show that by time or accident he is unable to do so” (United States v. Robeson, 34 U. S., 319, 327; see, also, 4 Encyc. Pl. & Prac., 632; 5 Ibid, 368; 1 Cyc., 692). So that, from all the foregoing considerations, our conclusion is that the clause, “including an award when appraisal has been required,” is very far from meaning “when appraisal has been requested by the insurer
Yet, by the construction which is urged upon us now, and which has been onc'e adopted by this court, a condition precedent which has been so clearly "expressed, is declared to-be no- condition precedent; and it is not available to the insurer even as a collateral condition unless upon its own *406 demand. As we have already said, the courts which have adopted this construction have assumed, rather than demonstrated, its correctness. It has been fully discussed and its weakness, as we think, satisfactorily shown in Murphy v. Northern British and Mercantile Company, 61 Mo. App., 323; and again in McNees v. Southern Ins. Co., 69 Mo. App., 232; and these cases have become the settled law of the state of Missouri on that subject. We need not extend the discussion further. In accord with the later view are the opinions of the courts in Minnesota, Tennessee and Illinois, as follows: Mosness v. The German-American Ins. Co. of New York, 50 Minn., 341; Palatine Ins. Co. v. Morton-Scott-Robertson Co., 106 Tenn., 558; Phoenix Ins. Co. v. Lorton & Co., 109 Ill. App., 63.
Having the strong convictions as to the proper construction and legal effect of these policies, which we have endeavored to concisely express above, we are of the opinion that the former ruling of this court in Grand Rapids Ins. Co. v. Finn, 60 Ohio St., 513, was wrong and the same is now expressly overruled.
It follows that the judgment of the circuit court of Stark county should be, and it is, Affirmed; and that the judgments of the circuit court and court of common pleas in the cases from Wood county and Cuyahoga county, respectively, should be, and they are, accordingly Reversed and judgment will be rendered in both of said cases for the plaintiff in error. '
Si-iauck, C. J.-, Price and Summers, JJ., concur.